Howard J. Rubin (hrubin@dglaw.com)
Jennifer Tafet Klausner (jklausner@dglaw.com)
Heath J. Rosenthal (hrosenthal@dglaw.com)
DAVIS & GILBERT LLP
1740 Broadway
New York, New York 10019
(212) 468-4800
Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH Di MARTINO AND EUGENE B. SHANKS, Jr., <br><br> Petitioners, <br><br> -against- <br><br> MARGARET DOOLEY, <br><br> Respondent. | Case No. 08 Civ. 4606 (DC) <br><br> **AFFIDAVIT OF LAWRENCE LAIER IN SUPPORT OF PETITIONERS' MOTION TO STAY ARBITRATION AND IN OPPOSITION TO RESPONDENT'S MOTION TO COMPEL ARBITRATION** |

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Lawrence Laier, being duly sworn, deposes and states:

1. I am employed as a Managing Director, Head of Human Resources of Natixis North America Inc. and its subsidiaries, including Natixis Capital Markets, Inc. ("Natixis Capital Markets") (together, "Natixis").[1] I submit this affidavit in support of the motion of Petitioners Eugene B. Shanks, Jr. ("Shanks") and Joseph Di Martino ("Di Martino") (together, "Petitioners"), for a stay of the arbitration proceeding (the "Arbitration") commenced against them, Anthony Orsatelli ("Orsatelli"), and Natixis Capital Markets (together, the "Arbitration

---

[1] CDC North America Inc., a predecessor Natixis company, will also be referred to as "Natixis" for purposes of this affidavit.

1

Respondents"), by Margaret Dooley ("Dooley" or "Respondent") with the American Arbitration Association ("AAA") and in opposition to Dooley's motion to compel Shanks and Di Martino to arbitrate in the Arbitration.

2. I understand that Dooley has purported to commence the Arbitration against the Arbitration Respondents under the authority of Natixis' Long-Term Incentive Plan ("LTIP"), as administered pursuant to a Performance Unit Plan Agreement adopted in 1997 (the "LTIP Document") that contains an arbitration clause (the "Arbitration Clause"). The LTIP Document was restated in 2006. No other LTIP Documents were adopted in between the 1997 LTIP Document and the 2006 LTIP Document. At the time the LTIP was paid out in February 2008 (when Dooley was paid $571,215.97), there were more than 200 LTIP participants holding LTIP units totaling a face value of over 100 million ($100,000,000.00) dollars.

3. Shanks and Di Martino are members of an advisory board (the "Advisory Board") that administers the LTIP Document. Orsatelli is a former Advisory Board Member. He was not an Advisory Board Member from at least April 22, 2008 forward.

4. Shanks and Di Martino entered into consulting contracts with Natixis when they became Advisory Board Members. (Attached as Exhibit A hereto are true and accurate copies of the consulting contracts.) Shanks' and Di Martino's compensation agreements have not changed after their initial term of service ended. Neither Shanks nor Di Martino ever received any "special payment" pursuant to their consulting agreements.

5. Natixis Capital Markets is the only Arbitration Respondent that is a party to the LTIP Document and the Arbitration Clause. Natixis Capital Markets is not objecting to its obligation to arbitrate with Respondent in the Arbitration.

6. As Respondent has admitted, Natixis paid her $571,215.97 in February 2008, which represented the amount of money Natixis calculated that she was owed for the portion of the LTIP units that Natixis granted to her which had vested pursuant to the terms of the LTIP Document. (This was on top of the over four million dollars in cash and additional compensation Natixis paid Respondent during her approximately four years of employment.) Respondent incorrectly claims that all of her LTIP units vested in 2004 and 2005, and she was entitled to get paid hundreds of thousands of dollars at that time. However, she *never* complained to Natixis about her alleged entitlement to that money or the fact that it had not been paid until she contacted Natixis *years* later – after her termination in May 2007. Natixis has always paid Respondent in a manner consistent with its LTIP and in the exact same manner as all of the other LTIP participants. Even though all other LTIP participants were paid in the same manner as Respondent, none of the other participants have complained about the amount they were paid under the terms of the LTIP.

7. Natixis will fully indemnify Shanks, Di Martino and Orsatelli for any judgment made against them in the Arbitration. Therefore, Shanks, Di Martino and Orsatelli will not have to pay any amount awarded against them in the Arbitration under any circumstances. Natixis has sufficient assets to satisfy a judgment should one be entered in Respondent's favor at the Arbitration.

_____
Lawrence Laier

Sworn to before me this
17th day of June 2008.

_____
ANNE J. EQUALE
Notary Public, State of New York
No. 41-4706916
Qualified in Queens County
Commission Expires 2/2/__

3

# EXHIBIT A



# CDC NORTH AMERICA INC.

LUC DE CLAPIERS
President and
Chief Executive Officer

Mr. Eugene B. Shanks, Jr.
President
NetRisk
81 Holly Hill Lane - 2nd Floor
Greenwich, CT 06830

May 26, 1998

Dear Mr. Shanks:

We are pleased to offer you the position of Advisory Board Member of the CDC Group in North America. Your initial term of service will be according to the Advisory Board Charter, starting April 1, 1998 through June 30, 1999.

Your compensation for this initial period will be $3,000 per meeting determined according to the terms of the Advisory Board Charter, but will not total less than US $45,000. Payments for services rendered will be made on at least a quarterly basis. Special payments will be made by the end of the quarter in which services are rendered, or at the end of the term of employment as a special one time bonus.

Attached is a copy of the Advisory Board Charter. We will look to you for guidance in how to expand and better focus this charter in coming months.

We enjoyed getting to know you and look forward to the prospect of working with you in the future.

Yours sincerely,

*(signature)*
Luc de Clapiers
(on behalf of the Compensation Advisory Board)


Attachment
cc: Lawrence Laier


READ AND ACCEPTED            DATE:
*(signature)*                June 1, 1998

FAX (212) 891-6295   9 WEST 57TH STREET, 36TH FLOOR, NEW YORK, N.Y. 10019   TEL. (212) 891-6101

CAISSE DES DÉPÔTS
——— GROUP ———



# CDC NORTH AMERICA INC.

Tuesday, December 05, 1995

Mr. Joseph S. Di Martino
Lindsley Road
New Vernon, NJ 07976

Dear Mr. Di Martino,

    We are pleased to offer you the position of Advisory Board Member of the CDC Group in North America. Your initial term of employment will be according to the Advisory Board Charter which is attached, starting December 1, 1995, through June 30, 1996.

    Your compensation for this initial period will be $3,000 per meeting determined according to the terms of the Advisory Board Charter, but will not total less than US $50,000. Payments for services rendered will be made on at least a quarterly basis. Special payments will be made by the end of the quarter in which services are rendered, or at the end of the term of employment as a special one time bonus.

    As we discussed, we would like the first Advisory Board meetings to take place on the afternoon of December 5, and the mornings of December 7 and December 8.

    Attached is a copy of the Advisory Board Charter. This will provide some initial guidelines for us. We will look to you for guidance in how to expand and better focus this charter in coming months.

    We enjoyed getting to know you and look forward to the prospect of working with you in the future.

Yours Sincerely,

*[signature]*

Tony Bourbon

Attachment
cc:    Luc de Clapiers
        Lawrence Laier

READ AND ACCEPTED:   *[signature]*

DATE:   12/8/95

FAX (212) 891-6118   9 WEST 57TH STREET, 36TH FLOOR, NEW YORK, N.Y. 10019   TEL. (212) 891-6152

CAISSE DES DÉPÔTS
GROUP